Smith, J.
The relator in substance avers in his petition, that on the 7th of January, 1895, he was the duly appointed and qualified clerk of the coroner of Hamilton county, Ohio, and that it was his duty to attend the said coroner at inquests held by him and to reduce to writing the testimony of witnesses, and perform such other clerical work as might be necessary for the discharge of the duties of his office. (It may also be said here that under Section 1209a, of the Rev. Stats., in this county, the coroner may appoint a clerk at a salary not to exceed $1200 per annum, whose salary is to be paid from the county treasury.) The petition further avers that aUa certain inquest held by the coroner at Lockland, in this county, on the body of a person there found dead, he being of the opinion that the emergency required it, did on August 6th, 1895, issue his certain writ of subpoena to the relator as a discreet person of said county, (a copy of which with all the indorsements and return thereon is filed with the petition), directing the relator to serve the same on the eleven •persons therein named, requiring them to appear before said coroner at Lockland on said day, to testify at said inquest, and to make due returns thereof, which he did on said August 6th. That on August 24, 1895, he received from said coroner a certificate, (a copy of which is also set out), certifying to the auditor of said'county, that the said relator was entitled to receive the sum of $18.85 for services as special constable at said'inquest held August 6th, payable out of the county treasury, on the order of the county audi *228 tor, and to said certificate was attached said original writ of subpoena, with all of the indorsements thereon. That the relator presented this certificate to the auditor, and demanded that he draw a warrant in his favor for the amount named, on the county treasury, but that he refused to do so, though required by law to do it. That the items constituting the claim of the relator are fixed by law, and that there is money in the hands of the county treasurer to the credit of the judiciary fund; not otherwise appropriated, sufficient to pay the relator’s claim. Wherefore he prays that a writ of mandamus may issue commanding him to do so.
The copy of the subpoena attached to the petition, shows in the body thereof that it was directed to any constable. But on the back of it is a statement signed by the coroner, that he, being of the opinion that the emergency requires it does hereby issue this writ to Fred Dreihs, a discreet person of this county, who is hereby authorized and directed to serve and return the same. The return, is quite defective in this, that it simply says he received the writ at 2 p. m., August 6, served the same upon within, by delivering a true copy thereof personally — it not being stated that he served each with a copy, one copy being charged for at $2.75.
The fees charged by the relator and certified by the coroner to the auditor for payment are as follows:
Service and return....................$ 1.25.
Copy. .............................. 2.75.
Mileage.............................. 14.85
$18.85.
Without discussing the question whether it was proper to issue such writ to the clerk of the coroner, a salaried officer, (for the majority of the court is of the opinion that, in a case of real emergency, this may be done), and whether, if done, he is entitled to the same fees as a constable for serv *229 ing it, (for no point is made by the county solicitor as to these matters), we consider two questions raised by the demurrer filed to the petition which were argued to us, and on which the judgment of the court is asked viz.: First, Whether on the presentation of this certificate of the coroner to the county auditor the latter was bound to issue his warrant therefor, and if so, whether it should be drawn upon the county, or the judiciary fund.
Section 1024Rev. Stats, provides as follows: “The auditor shall issue warrants on the county treasury for all moneys payable out of the treasury”. * * * “when the proper order or voucher is presented therefor, * * * “ but he shall not issue a warrant for the payment of any claim against the county unless the same is allowed by the county commissioners, except in cases where the amount due is fixed by law, or is allowed by some other officer or tribunal authorized by law to allow the same.”
There is no allegation in this petition, that this claim against the county has ever been allowed by the county commissioners, and it is conceded by counsel, that it has never even been presented to them. It is entirely clear, we think, that the amount due the relator is not ! ‘ fixed by law. ” It is true that the statute attaches certain fees to the performance of certain duties by a constable; as so much for the service and return of a writ of subpoena, viz., twenty-five cents for one person named thereon, and for service on each additional person named therein, ten cents, and for copies of all writs, twenty-five cents each, and for mileage in serving the same, twenty-five cents for the first mile, and five cents per mile for each additional mile properly traveled by the officer in serving the same; but the amount of the bill depends in any particular case, on the mode of service, whether by copy or reading, the number of persons named in the subpoena, and' the distance properly traveled in serving the same. No one *230 of these matters is fixed by law, and unless a bill of this kind is allowed by some other officer or tribunal authorized by law to allow the same, it is eminently proper that before the issue of the warrant by the auditor,for its payment, it should, as is expressly required by the statute, be scrutinized, and if correct be allowed by the county commissioners upon whom the law imposes the duty, in cases of this kind, of guarding and protecting the interests of the county. And although no question has been raised as to the amount of the bill of the relator, it would seem, probable that such scrutiny would require it to be very considerably reduced. For if the witnesses were served at the places designated by the directions given to the relator as their places of residence, viz., nine of them at Lockland, where the inquest was held, and two of them at Wyoming, a mile or so distant, it is difficult to see how the mileage could amount to any thing like |18.85 at the rate fixed by the law, viz., 25 cents for the first mile, and five cents for each additional one.
Nor has this claim been allowed by any other officer or tribunal authorized by law to allow the same.” There is no claim that any statute authorizes the coroner to make such a certificate to the auditor and that on receipt of the same he is to issue his warrant. But it is likened by counsel for the relator, to the certificate given by the clerk to the auditor, for the fees of jurors, grand and petit, and witnesses instate cases, on which the auditor issues his warrant. But an examination of the statutes shows that in all of these cases, this is expressly provided for. See Secs. 1302 and 5182, Rev. Stats.
When such claims as this are allowed by the county commissioners, on what fund should the order be drawn in Hamilton county? The county, or the judiciary fund? We think it should be on the former. The statute which provides for the judiciary fund, and the purposes to which, when raised, it is to be applied, (Yol. 90, Local Laws, 266) *231 says that it is to be “ applied to the payment of the salary of the judges and other court expenses, and all other expenses incidental to the administration of justice.” * * * “including the salaries and expenses of the county solicitor and county prosecuting attorney, and county coroner and their assistants,'as provided by law.”
Miller Outccilt, attorney for relator.
Mr. Rendigs, Assistant County Solicitor, for defendant.
We think the constable who serves subpoenaes on witnesses to attend an inquest held by the coroner, is not his assistant in the light of this statute, nor is the compensation for his services a court expense or one incidental to the administration of justice; nor does the fact that the coroner authorizes his clerk to perform such duties, make him his assistant within the meaning of the statute. The writ will be refused and the petition dismissed with costs.